**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 9 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

HURON FIELDS,

　　　　Defendant - Appellant.

No. 98-8033

(D. Wyoming)

(D.C. No. 98-CV-71-CAB)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Huron Fields, having been granted a certificate of appealability by the district court, appeals the dismissal, on the ground of untimeliness, of his petition for a writ of habeas corpus under 28 U.S.C. § 2255.

In 1980, Mr. Fields pled guilty to multiple federal crimes and was sentenced to two consecutive life terms of imprisonment, and three consecutive fifteen-year terms, all to commence after he completed serving a sentence for state crimes. Mr. Fields' federal convictions and sentences became final in 1980. He began serving his federal sentences in 1991 or 1992.

Subject to certain other triggering events not applicable here, a prisoner may not file a § 2255 motion more than one year after the prisoner's conviction becomes final. Id. In United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997), this court held that a prisoner whose conviction became final before the effective date of the Antiterrorism and Effective Death Penalty Act, i.e., before April 24, 1996, had until April 23, 1997, to file his § 2255 motion.

On April 14, 1997, Mr. Fields filed a motion in the district court requesting an extension of time to May 23, 1997, for filing his § 2255 motion, due to difficulties in assembling certain materials. That motion was granted. On May 12, 1997, he filed another, essentially open-ended motion, for an extension of time to file. That motion was not granted. Mr. Fields ultimately filed his motion on March 23, 1998, well beyond the applicable one-year limitations period. The

district court ruled, among other things, that the motion was untimely, and denied relief.

Mr. Fields' only relevant argument on the point is that the AEDPA may not be applied retroactively to those whose convictions and sentences became final before the effective date of the Act; therefore, he is not subject to the one-year period of limitations. We have rejected that argument on the ground that the limitations period would not begin until April 24, 1996, thus giving prisoners ample additional opportunity to file. See Simmonds, 111 F.3d at 746. Furthermore, this interpretation of the law does not violate the Ex Post Facto Clause. An ex post facto law is one that retroactively alters the definition of a crime or increases the punishment for criminal conduct. Lynce v. Mathis, 117 S. Ct. 891, 896 (1997). Our holding in Simmonds, and the limitation period in the AEDPA, do neither.

Accordingly, the judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

-3-