F I L E D

**UNITED STATES COURT OF APPEALS**

**JAN 28 1999**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

_____

BRUCE WAYNE MARTIN,

      Petitioner-Appellant,

v.

LEROY YOUNG; ATTORNEY GENERAL
OF THE STATE OF OKLAHOMA,

      Respondents-Appellees.

No. 98-5113
(N.D. Okla.)
(D.Ct. No. 96-CV-381-E)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Bruce Wayne Martin, an Oklahoma state prisoner appearing pro se, seeks a certificate of appealability under 28 U.S.C. § 2253 in order to challenge the district court's dismissal of his habeas petition filed pursuant to 28 U.S.C. § 2254. We deny Mr. Martin's request for a certificate of appealability and dismiss his appeal.

A jury convicted Mr. Martin of "larceny of an automobile after former conviction of two or more felonies." He received a sentence of thirty-eight years imprisonment. Mr. Martin perfected a timely direct appeal to the Oklahoma Court of Criminal Appeals, and that court affirmed the judgment and sentence. Mr. Martin then unsuccessfully sought post-conviction relief in Oklahoma state courts.

Thereafter, Mr. Martin filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the federal district court raising essentially three claims: (1) the trial court used erroneous and improper jury instructions, which denied his right to an impartial jury, a fair trial, due process, equal protection, and the right to remain silent; (2) his conviction resulted from use of evidence obtained through an unlawful arrest; and (3) the court violated his privilege against self-incrimination by admitting into evidence his statements to the police prior to

receiving a Miranda warning. Mr. Martin did not raise the first two issues in his direct appeal to the Oklahoma Court of Criminal Appeals. He claims he failed to raise those issues because of his counsel's ineffective assistance. Alternatively, he asserts the district court's failure to consider those issues resulted in a fundamental miscarriage of justice.

The background facts of Mr. Martin's case are set out and fully addressed by the district court in a thorough thirteen-page Order filed May 7, 1998. After careful analysis, the district court found Mr. Martin's first two claims procedurally barred because he failed to raise them on direct appeal, or show "cause" why they could not be raised on direct appeal. The district court reviewed Mr. Martin's multiple claims of ineffective assistance of counsel, and determined they each failed to satisfy either the performance or prejudice prong of *Strickland v. Washington*, 466 U.S. 668, 687 & 694 (1984). As a result, the court concluded Mr. Martin's claims of ineffective assistance of counsel did not satisfy the "cause" requirement to show why he failed to raise the first two issues on direct appeal. The district court also found Mr. Martin never raised a claim of actual innocence. Thus, the district court determined his assertion of fundamental miscarriage of justice must also fail.

Lastly, the district court considered Mr. Martin's claim that the trial court improperly admitted his statements to the police prior to issuance of a Miranda warning. After reviewing the record, the district court concluded the "state court's resolution of this issue did not involve an unreasonable application of Federal law nor was it based on an unreasonable determination of the facts," and found "nothing constitutionally infirm in the trial court's decision to admit this evidence." The district court denied Mr. Martin's request for a certificate of appealability.

On appeal, Mr. Martin raises essentially the same arguments raised in his petition before the district court. We have thoroughly reviewed Mr. Martin's application for a certificate of appealability, his brief and other pleadings, the district court's order, and the entire record on appeal. For substantially the same reasons set forth by the district court in its Order filed May 7, 1998, we conclude Mr. Martin fails to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).[1] We adopt the district court's

---

[1] A defendant may appeal the denial of a habeas corpus petition only if "a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See United States v. Simmonds*, 111 F.3d 737, 746 (10th Cir. 1997).

reasoning in its Order and attach it hereto.

Accordingly, we deny Mr. Martin's request for a certificate of appealability and **DISMISS** the appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

-5-

Attachment not available electronically.