**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 7 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROCKY J. ESLINGER,

     Petitioner-Appellant,

v.

KEN KLINGER,

     Respondent-Appellee.

No. 99-6203

(D.C. No. 97-CV-1938)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **HENRY**, Circuit Judges.[**]

Petitioner Rocky Eslinger pled guilty in Oklahoma state court to multiple

racketeering charges and harboring a fugitive, and was sentenced to thirty years

imprisonment. Petitioner did not move to withdraw his guilty pleas and did not perfect a

direct criminal appeal. Instead, he unsuccessfully sought post-conviction relief in state

court. Thereafter, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. §

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

2254 in federal district court raising two claims: (1) his November 2005 initial parole hearing date violated both the due process and ex post facto clauses of the United States Constitution; and (2) a prior felony conviction used to enhance his sentence was invalid because the prior conviction was obtained through an involuntary guilty plea. In a thorough report and recommendation, a magistrate judge recommended denial of the petition. The district court subsequently adopted the report and recommendation and denied Petitioner a certificate of appealability. See 28 U.S.C. § 2253(c). His renewed application is before us.

A petitioner may appeal the denial of a habeas corpus petition only if a "circuit justice or judge" issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2); United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997).

We have thoroughly reviewed Petitioner's application for a certificate of appealability, his brief, the magistrate judge's report and recommendation, the district court's order adopting that report and recommendation, and the entire record before us. We conclude that Petitioner has failed to make a substantial showing of the denial of a constitutional right substantially for the reasons set forth in the magistrate judge's report and recommendation. Accordingly, we deny Petitioner's application for a certificate of appealability and dismiss the appeal.

CERTIFICATE OF APPEALABILTY DENIED; APPEAL DISMISSED.

Entered for the Court


Bobby R. Baldock
Circuit Judge