**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 21 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTHONY LYN KIMBROUGH,

      Petitioner - Appellant,

vs.

GARY GIBSON, Warden, Oklahoma
State Penitentiary,

      Respondent - Appellee.

No. 99-5210
(D.C. No. 98-CV-672-H)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

    Mr. Kimbrough, an inmate appearing pro se, seeks to appeal from the

denial of his 28 U.S.C. § 2254 motion. Mr. Kimbrough was convicted in

Oklahoma state court of first degree murder, trafficking in illegal drugs, and

failure to obtain a tax stamp. He was sentenced to life imprisonment without

parole, life imprisonment with the possibility of parole, and five years

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

imprisonment, respectively, sentences to run consecutively. His conviction was affirmed by the Oklahoma Court of Criminal Appeals (OCCA) on October 18, 1995.

Mr. Kimbrough sought post-conviction relief in Oklahoma state court on April 22, 1997. The state court denied his application on June 13, 1997, and the OCCA affirmed the denial on August 15, 1997. The present habeas petition was not filed until September 3, 1998.

After the passage of AEDPA, habeas petitions must be filed within one year from the date of final conviction. See 28 U.S.C. § 2244(d)(1)(A). However, when a conviction becomes final prior to April 24, 1996, the effective date of AEDPA, a petitioner has until April 23, 1997 to file his habeas petition. See United States v. Simmonds, 111 F.3d 737, 745 (10th Cir. 1997). Mr. Kimbrough's conviction became final on January 16, 1996, ninety days after his sentence was affirmed on direct appeal and the time to file a petition for certiorari with the United State Supreme Court had passed.

Mr. Kimbrough's habeas petition was not filed until September 3, 1998, over a year after his April 23, 1997 deadline. Therefore, he is time barred unless the deadline was tolled by the pendency of his state post-conviction motions. See 28 U.S.C. § 2244(d)(2). Mr. Kimbrough properly filed an application for post-conviction relief on April 22, 1997, the day before his one year filing period was

to expire. Thus, the limitations period was tolled until August 15, 1997, when the OCCA denied his application on appeal. It ran out within days thereafter and well before he filed the present petition (September 3, 1998). Thus, the petition is time barred.

We DENY a certificate of appealability, DENY Mr. Kimbrough's motions for an evidentiary hearing and for appointment of counsel, DENY his petition for a writ of ad-testificandum and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge