**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 30 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ALEX'S TRANSPORTATION, INC.,

    Plaintiff-Appellant,

v.

COLORADO PUBLIC UTILITIES
COMMISSION; ROBERT J. HIX;
VINCENT MAJKOWSKI;
RAYMOND L. GIFFORD,
Commissioners thereof,

    Defendants-Appellees.

No. 00-1117
(D.C. No. 99-Z-1562)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **KELLY** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Alex's Transportation, Inc. appeals the district court's order concluding that defendants, the Colorado Public Utilities Commission (CPUC) and its members, had the authority to license plaintiff's transportation of passengers in seven-passenger vehicles. Plaintiff also requests attorney fees. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Plaintiff sought a license from the CPUC, the Colorado licensing authority for motor common carriers operating in intrastate commerce, to conduct a bus service using vehicles that could carry as many as seven passengers. The CPUC denied the license. Plaintiff then brought suit in the federal district court, under 42 U.S.C. § 1983, claiming that the CPUC violated its right to a license because a federal statute preempted the CPUC's authority to license its transportation activities. The district court held that the federal statute did not prevent the CPUC from regulating plaintiff's seven-passenger vehicles, and entered a judgment in favor of defendants. Plaintiff then brought this appeal.

Plaintiff asserts that 49 U.S.C. § 14501(a) preempts states from enacting laws or regulations relating to intrastate charter bus transportation. That statute provides:

> (a) Motor carriers of passengers. –
>
> (1) Limitation on State law. – No State or political subdivision thereof and no interstate agency or other political agency of 2 or more States shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to –

. . .

    (C) the authority to provide intrastate or interstate charter bus transportation.

   This paragraph shall not apply to intrastate commuter bus operations, or to intrastate bus transportation of any nature in the State of Hawaii.

   (2) Matters not covered. – Paragraph (1) shall not restrict the safety regulatory authority of a State with respect to motor vehicles, the authority of a State to impose highway route controls or limitations based on the size or weight of the motor vehicle, or the authority of a State to regulate carriers with regard to minimum amounts of financial responsibility relating to insurance requirements and self-insurance authorization.

49 U.S.C. § 14501(a).

The dispute is over what qualifies as a "charter bus" under § 14501(a)(1)(C). If plaintiff's seven-passenger vehicles are "charter buses," § 14501(a) prohibits the CPUC from regulating them. The parties concede that the federal statute does not define "charter bus." Plaintiff argues that other federal statutes provide enough guidance to demonstrate that a vehicle with a capacity for seven or ten passengers can be defined as a "charter bus" within the meaning of § 14501(a). See 49 U.S.C. § 13506(a)(2) (referring to "taxicab" – not more than six passengers), § 14301 (defining "motor vehicle," for security interests in motor vehicles, to include "motor bus with a seating capacity of at least ten individuals"), § 30127(a)(1) (defining "bus" for crash protection and seat belt use purposes, as "designed to carry more than 10 individuals");

see also 49 C.F.R. § 374.303(b) (defining "bus" in regular-route operations as "a passenger-carrying vehicle, regardless of design or seating capacity, used in a carrier's authorized operations"), § 390.5 (defining "bus" in interstate commerce as "any motor vehicle designed, constructed and or [sic] used for the transportation of passengers, including taxicabs").

Generally, federal statutes must be interpreted under the principles of federal law. See Textile Workers Union of Am. v. Lincoln Mills of Ala., 353 U.S. 448, 457 (1957). Instead of attempting to combine various federal statutes on unrelated subjects to fill the gap in the federal statute, we apply the rule that where a statute is not specific, courts look to state law to determine the rights and interests covered. See United States v. Standard Oil Co. of Cal., 332 U.S. 301, 309-10 (1947); Amoco Prod. Co. v. United States, 619 F.2d 1383, 1387 (10th Cir. 1980). Resort to state law must furnish a result compatible with the purpose of the federal statute. See Lincoln Mills, 353 U.S. at 457. Where, as here, a statute is ambiguous, the reviewing court can resort to legislative history to aid interpretation. United States v. Simmonds, 111 F.3d 737, 742 (10th Cir. 1997). "We review the district court's interpretations of law de novo, and any relevant findings of fact for clear error." Kelley v. United States, 69 F.3d 1503, 1506 (10th Cir. 1995).

Here, § 14501(a) does not define "charter bus," but a Colorado statute defines "charter bus" as "a motor vehicle for the transport of people, on a charter basis, with a minimum capacity of thirty-two passengers." Colo. Rev. Stat. § 40-16-101. Because the legislative history for § 14501(a) exempts from the statute taxicabs and limousines, we determine that Congress did not intend to include all sizes of vehicle in the statute. See H.R. Conf. Rep. No. 105-550 (1998), reprinted in 1998 U.S.C.C.A.N., vol. 4, at 170 (clarifying that § 14501(a) "does not limit a State's ability to regulate taxicab service or limousine livery service"). Accordingly, we conclude that the Colorado statute's definition of "charter bus" is compatible with the purpose of the federal statute to exclude from state regulation some, but not all, vehicles. To qualify under the State's definition of "charter bus," a vehicle must carry a minimum capacity of thirty-two passengers. Therefore, plaintiff's seven-passenger vehicles do not qualify as "charter buses," and § 14501(a) does not preclude the CPUC from regulating them.

Plaintiff's request for attorney fees is denied.  The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge