**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 18 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JEREMIAH ORDONEZ,

      Petitioner-Appellant,

v.

LAWRENCE A. TAFOYA and THE
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

      Respondents-Appellees.

No. 01-2079
(D.C. No. CIV-00-736-JC/DJS)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY** and **LUCERO**, Circuit Judges.

Petitioner-Appellant Jeremiah Ordonez ("Ordonez") filed a Petition for a

Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 in the United

States District Court for the District of New Mexico on May 19, 2000. (See Doc.

1.) In his Petition, Ordonez argued that his state convictions for Armed Robbery

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

and Conspiracy to Commit Armed Robbery, which arose from a single criminal incident: (1) violated Double Jeopardy under Blockburger v. United States, 284 U.S. 299, 304 (1932); (2) were not supported by sufficient evidence of guilt; and (3) were tainted by an error in the jury instructions offered at Ordonez's trial. (See id. at 3.)

The Petition was assigned to a United States Magistrate Judge who, in an Order dated February 13, 2001, recommended the Petition be dismissed. (See Doc. 13.) The Magistrate Judge found: (1) each crime, Armed Robbery and Conspiracy to Commit Armed Robbery, required proof of an element that the other crime did not, and thus Ordonez's convictions on both charges did not violate Double Jeopardy under Blockburger; (2) the evidence, which included eye witness identification of Ordonez and stolen property found in Ordonez's possession immediately following the robbery, was sufficient to support Ordonez's conviction; and (3) the error in the jury instructions did not render Ordonez's trial fundamentally unfair. (See id. at 2-6.) Over Ordonez's objection (see Doc. 14), the District Court adopted the Magistrate Judge's findings and dismissed Ordonez's Petition on February 28, 2001. (See Doc. 16.)

Ordonez filed Notice of Appeal on March 9, 2001. (See Doc. 17.) On Match 19, 2001, the District Court denied Ordonez's request for a certificate of appealability ("COA"). (See Doc. 18.)

Under the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"),[1] a state prisoner appealing a district court's denial of habeas relief under § 2254 must obtain a COA before we may consider the merits of his claim. See 28 U.S.C. § 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of a denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). Because the District Court denied Ordonez's request for a COA, we must first decide whether to issue the requested COA before we may address his claims on the merits. See United States v. Simmonds, 111 F.3d 737, 740-41 (10th Cir. 1997).

For substantially the same reasons as those relied upon by the District Court to dismiss Ordonez's Petition, we find that Ordonez has not made a "substantial showing of a denial of a constitutional right" and thus that COA must be denied.

This appeal is DISMISSED.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[1] Because the Petition was filed after April 24, 1996, the effective date of the AEDPA, AEDPA's provisions apply to this case. See, e.g., Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320, 336 (1997)).