**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 1 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHRISTOPHER CULLEN,

      Petitioner-Appellant,

v.

JOE R. WILLIAMS, Warden,
Lea County Correctional Facility;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

      Respondents-Appellees.

No. 01-2082
(D.C. No. CIV-00-478)
(New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **McKAY**, and **BRORBY**, Circuit Judges.

---

      Mr. Cullen, a state prisoner appearing pro se, seeks a certificate of
appealability in order to appeal the district court's denial of his petition for writ
of habeas corpus filed pursuant to 28 U.S.C. § 2254. For the reasons set out

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

below, we deny Mr. Cullen's request for a certificate of appealability and dismiss the appeal.

Mr. Cullen was tried and convicted for a number of crimes including assault, kidnapping, and rape. He was sentenced in state court to a total of 147 years in prison. His conviction became final on November 30, 1993. On March 25, 1997, Mr. Cullen filed a state petition for writ of habeas corpus, which was denied on June 10, 1997. His petition for writ of certiorari to the New Mexico Supreme Court was denied on July 21, 1997. On April 3, 2000, Mr. Cullen filed a petition for writ of habeas corpus in federal district court. The magistrate judge recommended that it be dismissed as not timely filed under AEDPA. The district court adopted the findings and recommendations of the magistrate judge and dismissed Mr. Cullen's petition. The court subsequently denied Mr. Cullen's request for a certificate of appealability under 28 U.S.C. § 2253.

To determine whether Mr. Cullen is entitled to a certificate of appealability when the district court has denied a habeas petition on procedural grounds, we examine whether he has made a substantial showing "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (construing 28 U.S.C. § 2253(c)). As we have noted, Mr. Cullen's state

court conviction became final on November 30, 1993. Because his conviction was final before April 24, 1996, Mr. Cullen had a grace period of 365 days, until April 24, 1997, to file a habeas petition pursuant to section 2254. *See* 28 U.S.C. § 2244(d); *see also United States v. Simmonds*, 111 F.3d 737, 746 (10th Cir. 1997). He did not file his federal habeas petition until April 3, 2000, long after his state conviction became final. As the magistrate judge pointed out, even accounting for tolling of the statute of limitations during the time state habeas petitions were pending, the 365 day grace period was well surpassed and the habeas petition was time-barred.

We have reviewed Mr. Cullen's briefs, the magistrate judge's report and recommendation, the district court's orders, and the entire record on appeal. With respect to the statute of limitations issue, Mr. Cullen has raised no arguments which are debatable among jurists or are subject to a different resolution on appeal. *See Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). Accordingly, he has not made a substantial showing that the district court's procedural ruling was incorrect. *See Slack v. Daniel,* 529 U.S. at 478.

We **DENY** Mr. Cullen's request for a certificate of appealability and

**DISMISS** the appeal.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge