**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 30 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MONDRAY JEFFERSON,

     Petitioner-Appellant,

v.

ROBERT FURLONG, ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

     Respondents-Appellees.

No. 96-1278
(D.C. No. 95-D-3256)
(Colorado)

---

### ORDER AND JUDGMENT*

---

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Mondray Jefferson filed an application for a writ of habeas corpus under 28 U.S.C. § 2254 alleging that he had been denied his constitutional rights to due process, equal protection, and effective assistance of counsel by the delay in his right to appeal his underlying state conviction. Upon recommendation of the magistrate judge, the district court dismissed the action without prejudice for failure of Mr. Jefferson to exhaust state remedies. The court then denied Mr. Jefferson's request for a certificate of appealability. The district court also denied leave to file an appeal without payment of fees under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, because Mr. Jefferson failed to submit a certified trust account statement.

We grant Mr. Jefferson's request to proceed on appeal without payment of fees. As we held recently in United States v. Simmonds, No. 96-3287, 111 F.3d 737 (10th Cir. 1997), a section 2254 habeas corpus action is not a civil action as contemplated by the Prison Litigation Reform Act, and Mr. Jefferson is not required to submit a certified statement of his trust account.

After reviewing the record in light of Mr. Jefferson's contentions, however, we deny his motion for a certificate of appealability. For the reasons set forth in the district court's Order Adopting Magistrate Judge's Recommendation, we agree with the district court that Mr. Jefferson has failed to exhaust available state court remedies, a prerequisite to bringing this action. Since Mr. Jefferson may obtain

relief in state court, he has not yet made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253.

Accordingly, we **DENY** Mr. Jefferson's application for a certificate of appealability and we **DISMISS** the appeal.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge