**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 30 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

PEGGY GWENDOLYN DANIELS,

Defendant-Appellant.

No. 97-6196
(D.C. No. CIV-97-747-A)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **BRORBY**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Defendant Peggy Daniels, appearing pro se, filed her 28 U.S.C. § 2255 motion seeking modification of her sentence. The district court concluded it was time barred. Daniels has now filed motions for a certificate of appealability and for leave to proceed

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

on appeal in forma pauperis. Because we conclude the court properly denied the motion, we deny her request for a certificate of appealability and dismiss the appeal. 28 U.S.C. § 2253(c)(1), (2).

Daniels was indicted on June 16, 1987, for conspiracy to possess with intent to distribute and to distribute cocaine, 21 U.S.C. § 846, and use of a communication facility to facilitate the conspiracy, 21 U.S.C. § 843(b). Daniels was represented by appointed counsel and entered a plea of guilty to the conspiracy charge on August 7, 1987. She was sentenced on October 26, 1987, to a ten-year term of imprisonment, to run consecutively to a fifty-year state sentence she was then serving.

Daniels signed and apparently mailed her § 2255 motion on April 28, 1997, and it was received by the clerk and filed on May 6, 1997. Daniels alleged (1) she received ineffective assistance of counsel in deciding to enter a guilty plea and during sentencing; (2) the district court erred in failing to grant a downward departure due to her minor role; and (3) her sentence was improperly modified to prevent her from becoming eligible for parole prior to serving at least one-third of her sentence.

In denying Daniels' motion as time-barred, the district court cited United States v. Simmonds, 111 F.3d 737 (10th Cir. 1997), where we discussed time limitations imposed on § 2255 motions by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). In Simmonds, we noted the AEDPA amended § 2255 to preclude the filing of a § 2255 motion more than one year after a conviction becomes final. Id. At 744.

Because we concluded the AEDPA could not "retroactively bar a prisoner from his or her ability to have a court consider the propriety of a § 2255 motion without first having a reasonable time to bring the claim," id. At 745, we held "prisoners whose convictions became final on or before April 24, 1996 [the effective date of the AEDPA] must file their § 2255 motions before April 24, 1997." Id. At 746.

Here, it is uncontroverted that Daniels' conviction became final prior to April 24, 1996, and, pursuant to Simmonds, she had until April 24, 1997, to file her motion. Daniels signed and apparently mailed her motion on April 28, 1997, and it was filed on May 6, 1997. Thus, her motion was untimely and was properly denied by the district court. 28 U.S.C. § 2255(1).

The motion for a certificate of appealability is DENIED and the appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge