**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 97-7854

JEROME WALKER,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CR-94-133, CA-97-758-2)

Submitted: September 15, 1998

Decided: October 29, 1998

Before MURNAGHAN and MOTZ, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Jerome Walker, Appellant Pro Se. Kevin Michael Comstock, OFFICE
OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant appeals the district court's order dismissing his motion filed under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998), as barred by the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (effective Apr. 24, 1996). Section 2255 states that petitioners for collateral relief have one year from "the date on which the judgment of conviction becomes final" to file a motion under that statute. Appellant's § 2255 motion was dated July 28, 1997, and filed July 31. Because the district court found that Appellant's judgment became final on the date of this court's affirmance of his convictions and sentence (July 25, 1996), the district court dismissed Appellant's motion as untimely.

However, a conviction becomes "final," for purposes of § 2255, on the date when the petitioner could no longer seek direct review. See United States v. Simmonds, 111 F.3d 737, 744 (10th Cir. 1997) (deciding that conviction became final after the Supreme Court denied certiorari); see also 28 U.S.C.A.§ 2244 (West 1994 & Supp. 1998) (providing, for motions attacking state court convictions, that a judgment becomes "final by the conclusion of direct review or the expiration of the time for seeking such review"). An appellant's direct review procedure terminates when his or her petition for certiorari is denied or when the deadline for seeking a writ of certiorari has expired. See Lambrix v. Singletary, 520 U.S. 518 (1997) (determining finality for purposes of Teague v. Lane); Allen v. Hardy, 478 U.S. 255, 258 n.1 (1986) (same).

Because Appellant did not file a petition for a writ of certiorari, his judgment was not final until 90 days after this court rendered its opinion, or October 23, 1996. See Sup. Ct. R. 13(1). Appellant's motion was, therefore, not time barred, as he indisputably filed it before the October 23, 1997, deadline. Accordingly, we grant a certificate of appealability, vacate the district court's order, and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

2