**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 10 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHRISTOPHER GORTEMILLER,

     Petitioner-Appellant,

v.

RON WARD and ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

     Respondents-Appellees.

No. 98-5119

(D.C. No. 96-CV-569-C)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before, **SEYMOUR**, Chief Judge, **BALDOCK**, and **HENRY**, Circuit Judges.[**]

     Petitioner Christopher Gortemiller pled guilty in Oklahoma state court to two

counts of sexually abusing a minor child and was sentenced to two consecutive fourteen

year terms of imprisonment. Petitioner did not move to withdraw his guilty plea and did

not perfect a direct criminal appeal. Instead, he unsuccessfully sought post-conviction

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument.

relief in state court. Thereafter, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in federal district court raising essentially three claims: (1) he received ineffective assistance of trial counsel; (2) his two convictions violate the double jeopardy clause; and (3) his guilty plea was involuntary. In a thorough order, the district court rejected Petitioner's claims on the merits and denied his petition. The court subsequently denied Petitioner's application for a certificate of appealability. See 28 U.S.C. § 2253(c). [1] His renewed application is before us.

A defendant may appeal the denial of a habeas corpus petition only if a "circuit justice or judge" issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. §2253(c)(2); United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997). We conclude that Petitioner has failed to make the required showing.

We have thoroughly reviewed Defendant's application for a certificate of appealability, his brief, the district court's orders, and the entire record before us. We conclude that Petitioner's claims are meritless substantially for the reasons set forth in the district court's order denying the petition. Because Petitioner has not made a substantial

---

[1] Petitioner filed his § 2254 petition two months after enactment of the AEDPA. Thus, the provisions of the AEDPA apply in this case. See Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997) (provision of AEDPA concerning certificate of appealability applies only to cases filed after AEDPA's enactment date).

showing of the denial of a constitutional right, we deny his request for a certificate of appealability and dismiss the appeal.

APPLICATION DENIED; APPEAL DISMISSED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge