F I L E D
United States Court of Appeals
Tenth Circuit

**FEB 22 1999**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TERRANCE DEWAYNE HARRIS,

      Petitioner - Appellant,

v.

RON CHAMPION,

      Respondent - Appellee.

No. 98-6318
(D.C. No. 97-CV-1474)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

      Petitioner Terrance Harris, appearing pro se, appeals the dismissal of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court dismissed Harris's petition as untimely on the grounds that the statute of limitations for a habeas corpus petition, as established in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), had expired. The district court declined to grant a certificate of appealability.

---

[*]The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner now renews his application for a certificate before this court, arguing that his habeas petition should not be treated as time-barred because of the tolling provision of 28 U.S.C. § 2244(d)(2). Appeal from a final order in a habeas corpus proceeding may not be taken unless a circuit justice or judge issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(A). Because Harris has not made a substantial showing of the denial of a constitutional right, we decline to grant a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court," running from "the date on which the judgment became final." 28 U.S.C. § 2244(d)(1)(A). Prisoners for whom the statute of limitations would have expired before the effective date of the AEDPA (April 24, 1996), however, are granted an equitable grace period tolling the statute of limitations until April 23, 1997. See United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997). Harris does not dispute the district court's conclusion that his conviction became final on July 21, 1995, when the time expired for him to seek review by the Supreme Court. See Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987). Therefore, under Simmonds, he had until April 23, 1997, to file his petition. Harris filed his petition on October 7, 1997.

In calculating the running of the statute of limitations for actions under 28 U.S.C. § 2254, federal courts are required to toll time spent seeking post-conviction relief in state court. See 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998).

Harris filed an application for post-conviction relief on April 21, 1997. On September 9, 1997, the Oklahoma Court of Criminal Appeals affirmed the trial court's order denying post-conviction relief. Harris filed his post-conviction relief application three days before the expiration of the equitable grace period, thereby tolling it. However, once the Oklahoma Court of Criminal Appeals affirmed the denial of that application, on September 9, 1997, the one-year limitations period once again began to run, leaving petitioner three days to file his habeas petition. The district court therefore correctly determined that Harris's October 9, 1997, petition was filed nearly a month after the expiration of the limitations period, and thereby untimely.

On appeal, Harris appears to contend that the district court erred in adopting the magistrate's recommendation, on the ground that the magistrate's conclusion that the one-year grace period is not extended by a post-conviction relief application is contrary to Hoggro. However, it is entirely clear from the district court's order that it acknowledged the applicability of the tolling period recognized in Hoggro, and calculated the limitations period for Harris's

application in accordance with that case. Petitioner also appears to claim that additional district court and perhaps circuit court precedent supports his claim that his petition is not time-barred; however, diligent research has failed to locate any cases, reported or unreported, corresponding to the titles and docket numbers cited in his brief.

Therefore, we agree with the district court that Harris's petition was untimely. Harris's application for a certificate of appealability is denied; his motion to proceed in forma pauperis is granted. The appeal is dismissed.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge