F I L E D
United States Court of Appeals
Tenth Circuit

FEB 23 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES EDWARD SIMPSON,

      Petitioner-Appellant,

v.

RON CHAMPION; THE ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents-Appellees.

No. 98-6383

(D.C. No. 97-CV-270-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **HENRY**, Circuit Judges.[**]

      Petitioner James Edward Simpson is currently serving a one-hundred year sentence

of incarceration in Oklahoma state prison as a result of his Oklahoma state

court convictions for sodomy, first degree rape, lewd molestation, and solicitation of a

minor to perform obscene acts. After the Oklahoma Court of Criminal Appeals rejected

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner's direct appeal, Simpson v. State, 876 P.2d 690 (Okla. Crim. App. 1994), he filed a pro se petition for habeas corpus relief under 28 U.S.C. § 2254 in the federal district court. The district judge adopted the magistrate judge's Report and Recommendation, and denied the petition in its entirety. Petitioner then requested a certificate of appealability which the district court denied.

Petitioner now requests that we grant the certificate of appealability and reach the merits of the appeal. In support of his application, Petitioner contends that (1) the state trial court committed constitutional error when it failed to conduct a hearing outside the presence of the jury to determine the reliability of the minor victim's out of court statements as required by Oklahoma state law; and (2) his state trial counsel was ineffective for failing to object to (a) the victim's out of court statements; (b) evidence of "other bad acts;" and (c) the introduction of nineteen pornographic magazines.

A petitioner may appeal the denial of a habeas corpus petition only if a "circuit justice or judge" issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2); United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997). We have carefully reviewed Petitioner's brief on appeal, the magistrate judge's Report and Recommendation, the district judge's order, and the entire record before us including the state court trial transcript. Based upon our review of the case, we find no merit in Petitioner's claims and deny his application

for a certificate of appealability substantially for the reasons set forth in the magistrate

judge's Report and Recommendation, and the district judge's order adopting the same.

CERTIFICATE OF APPEALABILITY DENIED; APPEAL DISMISSED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

3