**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 21 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

DWAYNE BUFORD REED,

      Defendant - Appellant.

No. 98-5179
(D.C. No. 98-CV-70-B)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

Mr. Reed, an inmate appearing pro se and in forma pauperis, seeks a

certificate of appealability to appeal the district court's dismissal of his motion to

vacate, set aside or correct his sentence, see 28 U.S.C. § 2255. Mr. Reed was

convicted of various federal offenses in connection with a 1993 attempted robbery

of a federally-insured credit union. His convictions were affirmed on direct

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

appeal, see United States v. Davis, 40 F.3d 1069 (10th Cir. 1994), and certiorari review was denied on March 20, 1995. On January 26, 1998, he filed the instant § 2255 motion challenging his conviction under 18 U.S.C. § 924(c)(1) for insufficient evidence and because the jury instructions did not conform to Bailey v. United States, 516 U.S. 137 (1995). These issues were not raised in his direct appeal. The district court denied the motion as filed beyond the one-year limitation period pursuant to § 2255 and United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997). See R. doc. 106.

On appeal, Mr. Reed argues that the one-year limitation period should run from the Supreme Court's decision in Muscarello v. United States, 118 S. Ct. 1911 (1998), because that decision clarified the meaning of "carry" in § 924(c) and amplified Bailey. See § 2255(3). He also seems to argue that he could not have discovered the facts for his claims without the guidance provided by Muscarello, an untenable assertion. As noted by the district court, Muscarello did not recognize any new right and Mr. Reed's motion predates it by several months. See R. doc. 106 at 6. Moreover, Mr. Reed's claims have been procedurally defaulted for failure to raise them on direct appeal. See Bousley v. United States, 118 S. Ct. 1604, 1611 (1998). We therefore deny his application

for a certificate of appealability.

APPEAL DISMISSED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge