**F I L E D**

## UNITED STATES COURT OF APPEALS

JUN 24 1999

## TENTH CIRCUIT

KEVIN CHARLES PORTH,

     Petitioner-Appellant,

v.

JAMES FERGUSON, Warden,
Wyoming Department of Corrections
State Penitentiary; E. K. MCDANIEL,
Warden, Nevada Department of
Corrections State Penitentiary;
ATTORNEY GENERAL OF THE
STATE OF WYOMING,

     Respondents-Appellees.

No. 98-8090
(D.C. No. 97-CV-36)
(Wyoming)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Mr. Porth appeals the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. He also moves for a certificate of appealability. We deny his motion and dismiss the appeal.

Mr. Porth was convicted of conspiracy to commit aggravated robbery and sentenced to twenty-five years of incarceration. His conviction was affirmed on appeal. *See Porth v. State*, 868 P.2d 236 (Wyo. 1994). His application for post-conviction relief was denied as well. He filed this petition for a writ of habeas corpus raising ten claims: 1) ineffective assistance of appellate counsel for failure to raise ineffective assistance of trial counsel; 2) failure of the state courts to provide him with assistance of counsel in his petition for post-conviction relief; 3) failure of state trial court to grant him an evidentiary hearing on his petition for post-conviction relief; 4) ineffective assistance of appellate counsel for failure to challenge the trial court's refusal to remove leg irons; 5) trial court error in refusing to admit a co-conspirator's hearsay statement; 6) trial court error in refusing to grant defense witness immunity; 7) trial court error in permitting the co-conspirator to invoke his Fifth Amendment privilege in the presence of the jury; 8) trial court error in allowing defense witness to testify over the prosecutor's objection; 9) trial court error in admitting evidence seized without

probable cause; and 10) insufficient evidence to support the verdict. In a thorough order, the district court rejected Mr. Porth's claims on the merits and denied his petition.

Pursuant to 28 U.S.C. § 2253 (c)(1), a circuit judge must issue a certificate of appealability before a state prisoner may appeal the denial of a habeas corpus petition. A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2); *United States v. Simmonds*, 111 F.3d 737, 746 (10th Cir. 1997). After careful review of Mr. Porth's application for a certificate of appealability, his brief, the district court's order and the entire record before us, we conclude that Mr. Porth's claims are meritless substantially for the reasons set forth in the district court's order denying the petition. Since Mr. Porth has not made a substantial showing of the denial of a constitutional right, we deny his request for a certificate of appealability and dismiss the appeal.

**APPLICATION DENIED; APPEAL DISMISSED.**

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge