**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 23 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EDDIE LEE,

      Petitioner-Appellant,

v.

KEN KLINGER,

      Respondent-Appellee.

No. 99-6286

(D.C. No. CIV-98-68-M)
(W.D.Okla.)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , Chief Judge, **EBEL** and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Eddie Lee appeals the district court's denial of his 28 U.S.C. § 2254 petition for habeas corpus relief.  Lee seeks a certificate of appealability and leave to proceed on appeal in forma pauperis.  Lee has also filed a motion to stay

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

proceedings. We deny a certificate of appealability, deny Lee's request to proceed on appeal in forma pauperis, deny his motion to stay proceedings, and dismiss the appeal.

## I.

Lee was charged in 1986 with burglary in the first degree, two counts of rape in the second degree, three counts of forcible oral sodomy, and robbery with a firearm. Lee was a juvenile when the crimes were committed and the trial court certified him to stand trial as an adult. Lee then pled guilty to all counts. Lee appealed his adult classification to the Oklahoma Court of Criminal Appeals (OCCA), but the appeal was dismissed on Lee's motion on April 20, 1987.

On May 7, 1997, Lee filed a petition for appeal out of time with the OCCA. The court declined jurisdiction because Lee had not been denied post-conviction relief by the district court. Lee filed an application for post-conviction relief, alleging (1) the trial court violated his Fifth Amendment right against self-incrimination and Sixth Amendment right to counsel by basing its findings on psychiatric evaluations and testimony, (2) the trial court erred in certifying him as an adult, and (3) he was denied his right to appeal by the dismissal of his direct appeal. On July 30, 1997, the state district court denied post-conviction relief. On December 1, 1997, Lee filed a petition in error with the OCCA, appealing that denial. The OCCA again declined jurisdiction because

2

Lee's notice of appeal was untimely.

On January 15, 1998, Lee filed a 28 U.S.C. § 2254 motion in federal district court, alleging (1) denial of Sixth Amendment right to counsel and Fifth Amendment privilege against self incrimination, (2) denial of due process at the juvenile certification proceeding, and (3) ineffective assistance of counsel in the dismissal of his direct appeal. The magistrate recommended dismissing Lee's § 2254 petition as untimely. The magistrate found that Lee's conviction became final on April 20, 1987, when the OCCA dismissed his direct appeal. Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and this court's decision in United States v. Simmonds, 111 F.3d 737 (10th Cir. 1997), Lee had until April 23, 1997, to file his § 2254 petition. Lee did not file his § 2254 petition until January 15, 1998. Lee objected to the magistrate's report and recommendation.

On January 26, 1999, the district court adopted the magistrate's findings and recommendations, dismissed Lee's § 2254 petition, and denied Lee a certificate of appealability. On April 9, 1999, Lee filed a motion requesting that the district court review the entire record. On June 25, 1999, the district court denied Lee's motion for review, again finding his § 2254 petition was untimely. On July 9, 1999, Lee filed a notice of appeal. On October 14, 1999, the district court denied Lee's motion to proceed on appeal in forma pauperis. Lee failed to

timely appeal the denial of his § 2254 petition, but did timely appeal the district court's denial of his motion to review the entire record. Our review is limited to whether the district court abused its discretion in denying the motion to review the entire record. See White v. American Airlines, Inc., 915 F.2d 1414, 1425 (10th Cir. 1990).

## II.

On appeal, Lee does not address the timeliness of his § 2254 petition, but raises the issues of due process violations in the certification proceeding and the state district court's review of that proceeding. We find the district court did not err in concluding Lee's § 2254 petition was not timely filed. Under the AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Lee's conviction became final on April 20, 1987, when the OCCA dismissed his direct appeal. Because his conviction became final before the effective date of the AEDPA, Lee had until April 23, 1997, to file his federal habeas petition. Simmonds, 111 F.3d at 746. Lee filed his § 2254 petition with the district court on January 15, 1998. This filing was untimely, and Lee has failed to show he was excused from timely filing his petition. See 28 U.S.C. § 2244(d)(1) (listing circumstances in which time for filing petition may be extended).

Lee has filed a "Motion to Stay Proceedings to Allow Petitioner the Opportunity to Exhaust Newly Discover[e]d State Procedures." The motion is not clear as to what state remedy Lee seeks to utilize. In light of the untimeliness of Lee's § 2254 petition, we deny the motion to stay proceedings.

### III.

We DENY Lee a certificate of appealability, DENY his request to proceed on appeal in forma pauperis, DENY his motion to stay the proceedings, and DISMISS the appeal. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge