**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**MAY 18 2000**

**PATRICK FISHER**
**Clerk**

JIMMY R. SMITH,

  Petitioner-Appellant,

v.

ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO; ELOY
MONDRAGON, Warden, Guadalupe
County Correctional Facility,

  Respondents-Appellees.

No. 99-2334

(D.C. No. CIV-99-534-BB/RLP)
(D.N.M.)

### ORDER AND JUDGMENT  *

Before **SEYMOUR** , Chief Judge,   **EBEL** and **BRISCOE,** Circuit Judges.

  After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

  Petitioner Jimmy R. Smith, a New Mexico state prisoner appearing pro se,

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

seeks a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. Because we conclude Smith has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a certificate of appealability and dismiss the appeal.

Smith was convicted in New Mexico state district court on one count of forgery, a third degree felony. Because Smith was found to be a habitual offender under New Mexico state law, he was sentenced to a total of 11 years of imprisonment. The New Mexico Court of Appeals (NMCOA) affirmed Smith's conviction on direct appeal. Although Smith filed a petition for writ of certiorari with the New Mexico Supreme Court, that petition was denied. Smith subsequently sought post-conviction relief in the New Mexico state courts by filing a petition for writ of habeas corpus. The state district court summarily dismissed Smith's petition, and the New Mexico Supreme Court denied review.

Shortly after exhausting his state court remedies, Smith filed this federal habeas action. In his petition, Smith asserted three claims for relief: (1) he was denied his constitutional right to a speedy trial; (2) his trial counsel was ineffective for failing to (a) move for dismissal on speedy trial grounds, (b) move for dismissal based upon New Mexico's "six-month rule," and (c) move for the trial judge's recusal; and (3) the trial judge should have recused himself because

he had previously prosecuted Smith. In a detailed report and recommendation, the magistrate judge recommended denial of the petition. The district court adopted the report and recommendation in its entirety and denied the petition. The district court subsequently denied Smith's application for a certificate of appealability. See 28 U.S.C. § 2253(c). His renewed application is before this court.

A petitioner may appeal the denial of a habeas corpus petition only if a "circuit justice or judge" issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2); United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997).

In disposing of Smith's direct appeal, the NMCOA carefully analyzed his ineffective assistance claims, as well as the merits of the underlying substantive claims. The NMCOA concluded that (1) New Mexico's "six-month rule" had not been violated, (2) Smith's right to a speedy trial had not been violated (because, in part, the time between Smith's arrest and the scheduled trial date did not meet the minimum threshold for a presumption of prejudice), and (3) there was no evidence that the trial judge's previous prosecution of Smith in any way prejudiced Smith. Based upon these conclusions, the NMCOA further concluded that Smith had failed to establish a valid claim of ineffective assistance of counsel.

3

After carefully examining the record on appeal, we are not persuaded that Smith has made a substantial showing of the denial of a constitutional right. In particular, we are not persuaded that any of the issues asserted in his federal habeas petition "are debatable among jurists, . . . that a court could resolve the issues differently, or that the questions deserve further proceedings." United States v. Sistrunk, 111 F.3d 91, 91 (10th Cir. 1997). Accordingly, we deny his request for a certificate of appealability and dismiss the appeal.

The application for certificate of appealability is DENIED and the appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

4