**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 7 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KENNETH R. WASHINGTON,

     Petitioner-Appellant,

v.

JAMES L. SAFFLE, Director, Oklahoma
Department of Corrections,

     Respondent-Appellee,

and

STATE OF OKLAHOMA,

     Respondent.

No. 00-6190

(D.C. No. 00-CV-233-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY**, and **LUCERO**, Circuit Judges.[**]

A jury convicted Petitioner Kenneth Washington in Oklahoma state court for

"Forcible Oral Sodomy After Former Conviction of Two or More Felonies." Petitioner

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

received a sentence of twenty years imprisonment. On direct appeal to the Oklahoma Court of Criminal Appeals, Petitioner argued that a variance between a second amended information and the evidence at trial violated his Sixth Amendment right to notice of the charge against him. Apparently, the information charged Petitioner with "Forcible Oral Sodomy . . . by . . . unnatural and carnal copulation by anus . . . ." The evidence at trial, however, reflected only that Petitioner forced his victim to perform oral sex on him.[1] The Oklahoma Court of Criminal Appeals affirmed Petitioner's conviction, holding that "the variance . . . amounted to a harmless scrivener's error." Washington v. Oklahoma, No. F-98-208 (Okla. Crim. App., Feb. 11, 1999).

Thereafter, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, again challenging his conviction on the basis of the variance. In a thorough Report and Recommendation, a United States Magistrate Judge, applying the standard enunciated in Williams v. Taylor, 120 S. Ct. 1495 (2000) (construing 28 U.S.C. § 2254(d)), recommended the petition be denied because Petitioner could not show he had been prejudiced by the variance. See Rogers v. Gibson, 173 F.3d 1278, 1287 (10th Cir. 1999). The district court agreed and denied the petition. The court subsequently denied Petitioner a certificate of appealability. See 28 U.S.C. § 2253(c). His renewed application is before us.

---

[1] The original information charged Petitioner with "Forcible Oral Sodomy . . . by . . . unnatural and carnal copulation orally . . . ."

2

A petitioner may appeal the denial of a habeas corpus petition only if a "circuit justice or judge" issues a certificate of appealability. Id. § 2253(c)(1)(A). A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. §2253(c)(2); United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997). We conclude that Petitioner has failed to make the required showing.

We have thoroughly reviewed Petitioner's application for a certificate of appealability, his brief, and the entire record before us. We conclude that Petitioner's claims are meritless substantially for the reasons set forth in the magistrate judge's report and recommendation to the district court. Because Petitioner has not made a substantial showing of the denial of a constitutional right, we deny his request for a certificate of appealability and dismiss the appeal.

APPLICATION DENIED; APPEAL DISMISSED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

3