F I L E D
**United States Court of Appeals
Tenth Circuit**

**FEB 21 2001**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DALTON LOYD WILLIAMS,

    Plaintiff-Appellant,

v.

GARY NEET; GLORIA
MASTERSON; JOHN HYATT;
CHARLES TAPPE; KEN MAESTAS;
PAUL CARRERAS; DAVID BELL;
ARISTEDES ZAVARAS; JOHN
SUTHERS,

    Defendants-Appellees.

No. 00-1414

(D.C. No. 00-Z-1619)

(D.Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **BRISCOE** and **MURPHY,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Dalton Loyd Williams, a Colorado state prisoner appearing pro se, appeals the district court's dismissal of his complaint without prejudice, as well as the court's refusal to allow him to proceed in forma pauperis in district court. We grant Williams' motion to proceed in forma pauperis on appeal and dismiss his appeal. In doing so, we agree with the district court that Williams is properly classified as a "frequent filer" for purposes of 28 U.S.C. § 1915(g).

On August 14, 2000, Williams filed a civil rights complaint asserting (1) he was deprived of due process and equal protection rights during two prison disciplinary proceedings, both of which allegedly resulted in loss of earned-time credits and other benefits; and (2) the Director of the Colorado Department of Corrections deprived him of due process and equal protection rights by issuing an administrative order banning the use and possession of all tobacco products by inmates. His complaint sought relief in the form of compensatory and punitive damages, costs, and restoration of "all rights, privileges, classification points, and time credits." Complaint at 6. Williams also filed a motion and affidavit for leave to proceed in forma pauperis.

On August 30, 2000, the magistrate judge issued an order noting that Williams had filed eight civil actions that had been dismissed by the district court under former 28 U.S.C. § 1915(d). The order directed Williams to show cause why he should not be denied leave to proceed in forma pauperis under 28 U.S.C.

§ 1915(g), the so-called "three strikes" provision. Williams filed a response denying that any of the cases cited by the magistrate could be counted as "strikes" for purposes of § 1915(g), claiming one of the actions was a habeas proceeding and the remaining seven actions were voluntarily dismissed by him with permission of the court.

On September 22, 2000, the district court denied Williams' motion to proceed in forma pauperis and dismissed his complaint without prejudice. In doing so, the district court effectively disagreed with Williams and concluded that three or more of the prior civil actions filed by Williams had been dismissed as frivolous under former 28 U.S.C. § 1915(d). The court subsequently denied Williams' motion to proceed on appeal in forma pauperis.

On October 16, 2000, this court issued an order notifying Williams that, according to records submitted by the district court clerk's office, he had at least three strikes for purposes of § 1915(g). Williams was directed to show cause why his appeal should not be dismissed for failure to prepay the entire filing fee as required by § 1915(g) or to show that the provisions of the Prison Litigation Reform Act did not apply to this proceeding. Williams responded that he did not recall filing one of the actions and that the remaining actions cited in the order were not dismissed as frivolous but were "voluntarily withdrawn and dismissed without prejudice" by him.

3

Section 1915(g) prohibits a prisoner from proceeding in forma pauperis in a civil action in federal court "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal" in federal court "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). This prohibition does not apply to habeas proceedings, see United States v. Simmonds, 111 F.3d 737, 741 (10th Cir. 1997), nor does it apply where the "prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

We agree with the district court that Williams has at least three "strikes" and is properly considered a "frequent filer" for purposes of § 1915(g). According to the record on appeal, Williams has had at least three, and possibly more, civil actions dismissed as frivolous by the Colorado federal district court. Although Williams disputes that any of these prior actions were dismissed as frivolous, the record on appeal irrefutably demonstrates otherwise. As a result, Williams must prepay all necessary filing fees before the federal courts may consider his civil actions and appeals. White v. Colorado, 157 F.3d 1226, 1232 (10th Cir. 1998), cert. denied, 526 U.S. 1008 (1999).

For purposes of this appeal, Williams' status as a "frequent filer" prohibits him from proceeding in forma pauperis on part but not all of the claims asserted

4

in his complaint. To the extent he is seeking damages and costs for constitutional deprivations, he is seeking civil relief pursuant to 42 U.S.C. § 1983 and must comply with § 1915(g). In other words, he must prepay all necessary filing fees before pursuing those claims in district court or on appeal.[1] Williams' complaint also seeks habeas relief in the form of restoration of his earned-time credits and the subsequent reduction of the length of his confinement. See Heck v. Humphrey, 512 U.S. 477, 481 (1994) (noting that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"). Because those claims do not fall within the scope of § 1915(g), Williams may pursue them in federal court without prepayment of filing fees. Although the district court erred in concluding otherwise, we find it unnecessary to reverse and remand the habeas claims because there is no indication in the record that Williams has exhausted his state court remedies with respect to those claims.

---

[1] We note, however, that a portion of Williams' § 1983 claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487. Before Williams can seek damages for the alleged unconstitutional deprivation of earned-time credits, he must first establish that the revocation has been invalidated by a state or federal court.

5

Williams' motion to proceed on appeal in forma pauperis is GRANTED. Williams' motion for a free copy of the records of his federal district court cases is DENIED. The appeal is DISMISSED. A copy of this order shall be filed in the records of the United States Court of Appeals for the Tenth Circuit related to repeat frivolous filers. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge