**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 18 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSE LUIS DOLE,

      Petitioner-Appellant,

v.

STATE OF COLORADO,

      Respondent-Appellee.

No. 01-1092
(D.C. No. 00-Z-2489)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY** and **LUCERO**, Circuit Judges.

Petitioner-Appellant Jose Luis Dole ("Dole") filed a Petition for a Writ of

Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 in the United States

District Court for the District of Colorado on December 14, 2000, which he

revised by order of the court on January 3, 2001. (See Dole v. Colorado, No. 00-

ES-2489, slip op. at 1 (D. Colo. Jan. 12, 2001).) In his Petition, Dole argued that

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

the State of Colorado, which had been holding Dole in custody on pending criminal charges since May 2000, had denied him a preliminary hearing.  (See id., slip op. at 2.)  Dole thus asked the district court to enjoin the state from proceeding with the criminal case against him.  (See id.)

In an Order issued on January 12, 2001, the district court dismissed Dole's petition.  The district court found that Dole had not demonstrated the type of "irreparable injury" required for a federal court to intervene in a pending state criminal prosecution. (See id., slip op. at 2-3 (citing Younger v. Harris, 401 U.S. 37, 46 (1971); Phelps v. Hamilton, 59 F.3d 1058, 1063-64 (10th Cir. 1995).)  The district court denied Dole's petition for reconsideration on February 12, 2001. (See Dole v. Colorado, No. 00-Z-2489 (D. Colo. Feb. 12, 2001).)[1]

---

[1] In a second § 2254 petition filed with the United States District Court for the District of Colorado on February 23, 2001, amended on March 1, 2001, Dole argued again that the state had refused to grant him a preliminary hearing and that the state had violated his right to a speedy trial.  (See Dole v. Jefferson County Detention Ctr., et al., No. 01-ES-322, slip op. at 1 (D. Colo. Mar. 14, 2001).) That petition was dismissed on March 14, 2001. In its Order of Dismissal, the district court reiterated the reasons why it denied relief on Dole's preliminary hearing claim, and denied relief on Dole's speedy trial claim on the ground that "a federal court lacks jurisdiction to consider in a pre-trial habeas corpus action a claim that the state is barred from trying the applicant because the state allegedly has violated the applicant's constitutional right to a speedy trial."  (See id., slip op. at 4.)  Although Dole presents arguments regarding his right to a speedy trial in his appellate filings in this case, it appears he did not raise that issue in the § 2254 petition that is the subject of the instant appeal.  We will not address the merits of an issue raised for the first time in an appellate filing.  We nonetheless note that Dole has not demonstrated that he will suffer "irreparable harm" if we

(continued...)

Dole appealed the district court's decision to this court on February 22, 2001.  Subsequent to Dole's appellate filing, the district court denied his request to proceed on appeal in forma pauperis ("IFP") and denied his request for a certificate of appealability ("COA").  (See Dole v. Colorado, No. 00-Z-2489 (D. Colo. Feb. 27, 2001) (denying COA); Dole v. Colorado, No. 00-Z-2489 (D. Colo. Mar. 13, 2001) (denying IFP status).)

On June 28, 2001, Dole also filed with this court an "Emergency Motion for Bail" ("Motion"), in which he argued that the state court had erroneously determined that Dole was not eligible for bail while awaiting sentencing on the state charges of which Dole had been convicted between the time of his initial filing with this court and the filing of the Motion.  (See Motion, No. 01-1092 (10th Cir. filed June 28, 2001).)  On appeal in the state courts, the Colorado Court of Appeals upheld the trial court's denial of bond pending sentencing, but acknowledged that Dole had "leave to seek bond in the trial court after the sentence is imposed."  (See Colorado v. Dole, No. 01CA0621 (Colo. Ct. App. June 20, 2001).)  It is unclear from this record whether Dole has since been sentenced.

---

[1](...continued)
abstain from resolving his speedy trial claims while his state criminal proceedings are ongoing, see Younger, 401 U.S. at 46, and thus Dole is not entitled to relief from this court in any event.

- 3 -

Under the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"),[2] a state prisoner appealing a district court's denial of habeas relief under § 2254 must obtain a COA before we may consider the merits of his claim. See 28 U.S.C. § 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of a denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). Because the district court denied Dole's request for a COA, we must first decide whether to issue the requested COA before we may address his claims on the merits. See United States v. Simmonds, 111 F.3d 737, 740-41 (10th Cir. 1997).

We find that Dole has not made a "substantial showing of a denial of a constitutional right" and thus that COA must be denied. To the extent that Dole was asking the district court to enjoin the pending criminal prosecution based upon the alleged failure of the state to provide him a preliminary hearing, that request is now moot due to the completion of Dole's criminal trial. If Dole wishes to argue post-conviction that the alleged failure to conduct a preliminary hearing violated his constitutional rights, Dole must first present that claim to the state courts before it may be addressed in a federal habeas corpus action. See 28

---

[2] Because the Petition was filed after April 24, 1996, the effective date of the AEDPA, AEDPA's provisions apply to this case. See, e.g., Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320, 336 (1997)).

U.S.C. § 2254(b)(1)(A). In regard to Dole's Motion concerning his bond status while awaiting sentencing, we find that Dole has not shown the type of "irreparable injury" that must be demonstrated before a federal court will interfere with ongoing state criminal proceedings. See Younger, 401 U.S. at 46; Phelps, 59 F.3d at 1064-65. This is especially true given the state court's acknowledgment that Dole may reapply for bond after he is sentenced and while his direct appeal is pending in the state courts.[3]

For the foregoing reasons, we find that Dole has not "made a substantial showing of a denial of a constitutional right" and thus decline to issue a COA in this case. We also deny Dole's request to proceed on appeal in forma pauperis.

This appeal is DISMISSED.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[3] Finally, for substantially the same reason that we deny relief on Dole's preliminary hearing claim, as well as for the reason why we decline to address Dole's speedy trial claims on their merits, see discussion supra n. 1, we find that Dole's "Motion for an Estoppel Order & Motion to Vacate Proceeding & Lack of Speedy Trial," which was filed with this court on March 9, 2001, should be dismissed.