**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 11 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CLARENCE JORDAN
WITHERSPOON,

     Petitioner-Appellant,

v.

STATE OF OKLAHOMA,

     Respondent-Appellee.

No. 01-6212
(D.C. No. CIV-00-1311-L)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY** and **LUCERO**, Circuit Judges.

Petitioner Clarence J. Witherspoon appeals from the dismissal of his

petition for habeas corpus and requests a Certificate of Appealability (COA)

under 28 U.S.C. 2253(c)(1)(A). Upon recommendation of the magistrate judge,

the district court dismissed his petition as untimely under the one-year statute of

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

limitations provided by 28 U.S.C. § 2244(d)(1) as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Petitioner does not deny that his petition was filed outside the time limit provided by § 2244(d)(1). Rather, he argues that his delay should be excused because the state denied him access to legal materials and thereby prevented him from timely filing his federal habeas petition. Finding no error, we similarly decline to grant a certificate of appealability.

Petitioner's convictions for distribution of a controlled dangerous substance after former conviction of two or more felonies became final on January 11, 1996. Because his conviction became final prior to the April 24, 1996 enactment of AEDPA, he was entitled to a one year equitable grace period until April 23, 1997, to file his federal habeas petition. See United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997). Petitioner did not file his present habeas petition until July 25, 2000, over three and a quarter years after the grace period would have ended absent tolling.

Petitioner endeavors to fill this thirty-nine month gap by arguing that the statute of limitations was tolled during that period. We evaluate his claims in light of two settled principles: "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," and "conclusory allegations without supporting factual averments are

insufficient to state a claim on which relief can be based.  <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991).

Petitioner offers a variety of reasons why the statute of limitations should be tolled during this period:  he was held in a private prison without access to relevant legal materials, he was receiving medical treatment, he was in lock-up, he was being held for trial, and, later, he had filed a state post-conviction application.  We may assume for purposes of this case that each one of these reasons is sufficient to toll the statute, yet we would remain obliged to deny Petitioner relief.

Petitioner concedes that, after his lock-up and his trial, he was returned to the general prison population on May 27, 1997, and that he did not file his petition for state post-conviction relief until September 4, 1998, over a year and three months later.  During this period, he alleges no colorably valid basis for tolling the statute of limitations, merely explaining that he had difficulty understanding the law.  Thus, without deciding whether the statutory period for filing Petitioner's federal habeas claim expired earlier, we conclude that the statute of limitations had expired prior to September 4, 1998.

Accordingly, we find that jurists of reason would not find it debatable whether the petition states a valid claim of the denial of a constitutional right.

See Slack v. McDaniel, 529 U.S. 473, 484 (2000).  We DENY Petitioner's request for a certificate of appealability and DISMISS his appeal.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge