**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 19, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BRIAN DEAN WALTON,

      Petitioner – Appellant,

v.

JOE ORTIZ, D.O.C.; KEVIN
MILYARD, SCF (Warden); MARK
BROADDUS, SCF (Associate);
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents – Appellees.

No. 06-1275
(D.C. No. 06-CV-475-BNB)
(D. Colo.)

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Brian Dean Walton, a state prisoner proceeding pro se, requests a

certificate of appealability ("COA") to appeal the district court's denial of his

28 U.S.C. § 2254 habeas petition. For substantially the same reasons set forth by

the district court, we **DENY** a COA and **DISMISS**.

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th
Cir. R. 32.1 (eff. Jan. 1, 2007).

Walton was convicted in Colorado state court of simple robbery, attempted aggravated robbery, conspiracy to commit aggravated robbery, theft by receiving, and five habitual criminal counts. He was sentenced to a term of life imprisonment for each offense, with all sentences to run concurrently. The Colorado Court of Appeals reversed his conviction for theft by receiving but otherwise affirmed his convictions and sentence. He filed a petition for certiorari with the Colorado Supreme Court, which was denied on August 15, 1994. On August 26, 1997, Walton filed a motion for post-conviction relief in state court arguing ineffective assistance of counsel. After conducting an evidentiary hearing on his claim, the state court denied relief. That decision was affirmed by the Colorado Court of Appeals. An equally divided Colorado Supreme Court affirmed. Approximately seven months later, Walton filed a second motion for post-conviction relief in state court, in which he argued that trial counsel had a conflict of interest. The state trial court denied his petition as successive, and the Colorado Court of Appeals affirmed. On August 1, 2005, the Colorado Supreme Court denied his petition for certiorari.

On March 8, 2006, Walton filed a petition for habeas relief in federal district court. He raised two claims in his petition. First, he argued that his trial counsel was ineffective for failing to hire an investigator or conduct adequate discovery. Second, he argued that trial counsel's pro bono representation created an inherent conflict of interest because counsel would be required to pay the fees

and costs associated with Walton's defense. The district court ruled that his petition was time-barred, and denied his application for a COA. Having failed to secure a COA below, Walton now seeks a COA from this court.[1]

Walton's conviction became final for the purposes of AEDPA's statute of limitations on April 24, 1996, the date of AEDPA's enactment. 28 U.S.C. § 2244(d); see also United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997). Walton had one year from that date to file a habeas petition. § 2244(d). He did not file his petition until March 8, 2006, and thus it was untimely.

Walton requests that we toll the statute of limitations to permit his untimely filing. Equitable tolling is available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Although Walton has engaged in prolonged state

---

[1] Walton's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(2). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Walton to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Because the district court denied Walton a COA, he may not appeal the district court's denial absent a grant of COA by this court.

litigation, he has not shown that extraordinary circumstances prevented him from filing a timely petition. He was, in fact, able to file a motion in state court for post-conviction relief shortly after the federal deadline expired. Our review of the record reveals no change in his circumstances that prevented the filing of a federal petition.

Accordingly, Walton's application for a COA is **DENIED** and the appeal is **DISMISSED**. Walton's motion to proceed in forma pauperis is **GRANTED**.

ENTERED FOR THE COURT

Carlos F Lucero
Circuit Judge